UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELE W.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

20-CV-996-LJV
DECISION & ORDER

The plaintiff, Michele W., is a prevailing party in this Social Security benefits action. Her counsel, William C. Bernhardi, Esq., has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 19. The defendant "neither supports nor opposes" the motion, instead saying that "[i]t is for the Court to decide if the request for attorney's fees . . . is reasonable under the law."[2] Docket Item 21 at 1-2. The defendant also clarified the amount of attorney's fees at issue in light of the amended notice of award issued after Bernhardi filed this motion. *See id.* at 2.

## I. TIMELINESS

On August 2, 2019, the United States Court of Appeals for the Second Circuit held that section 406(b)(1)(A) motions must be filed within 14 days of the claimant's

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Page numbers in docket citations refer to ECF pagination.

receiving a notice of award. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Notwithstanding this deadline, the Second Circuit made it clear that "district courts are empowered to enlarge that filing period where circumstances warrant." *See id.* at 89.

The Social Security Administration ("SSA") issued Michele W. a notice of award on May 23, 2026. Docket Item 19-2 ¶ 11; Docket Item 19-5. Despite having asked the SSA Niagara Falls Field Office to copy him on any notices sent to his client, Bernhardi was not copied on the notice of award and did not learn of the award until his client told him about it on June 10, 2026. Docket Item 19-2 ¶ 11. In fact, on May 28, 2026—five days after the notice was issued—Bernhardi had asked SSA "for the award notice," but he still had not received notice as of the date he filed his motion. *See id.*

Therefore, while there is no dispute that this motion was filed more than 14 days after Bernhardi's *client* received the notice of award, there also is no dispute that the motion was filed within 14 days of when Bernhardi says he received the notice. Indeed, Bernhardi filed this motion the very same day his client sent him the notice.[3] *Id.* So while the motion for attorney's fees may technically be untimely under *Sinkler*, this Court will excuse the delay.

## II. REASONABLENESS

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify

[3] In fact, Bernhardi did not receive the Notice of Award from SSA until June 16, 2026—six days after he filed his motion. *See* Docket Item 22 ¶ 4.

> the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Michele W. was awarded $60,452.00 in past-due benefits. Docket Item 22 ¶ 2; Docket Item 21-1.[4] Her counsel seeks $15,113.00 in fees,[5] Docket Item 22 ¶ 2, which is 25% of the past-due benefits and consistent with the contingent-fee agreement that provides for attorney's fees in that amount, *see* Docket Item 19-3 at 1 (fee agreement).

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in Social Security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Moreover, there is no indication that this fee is a windfall.[6] *Id.* The $15,113.00 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

---

[4] The amended notice of award Michele W. received from SSA, Docket Item 21-1, does not state the total amount of past-due benefits she received. But the notice of award notes that SSA "usually withhold[s] 25[%] of past[-]due benefits in order to pay the approved representative's fee" and, although $14,072.75 of Michele W.'s award had been withheld in accordance with that policy, SSA "should have [with]held $15,113.00," *id.* at 5.

[5] Bernhardi initially requested $17,131.50 as 25% of $68,526.00 in past-due benefits that he calculated Michele W. had received. Docket Item 19-2 ¶ 12. As discussed above, the defendant noted in its response that SSA had issued an amended notice of award on July 6, 2026, and in light of that notice "clarifie[d] that $15,113.00[] is 25% of past[-]due benefits." Docket Item 21 at 2. After reviewing that response and the amended notice of award, Bernhardi "found an error in the spreadsheet upon which [his] earlier fee request was based" and subsequently "agree[d] . . . that $15,113.00 is [25%] of" the past-due benefits. Docket Item 22 ¶¶ 2-3.

[6] The Second Circuit recently clarified the factors that a court should consider when analyzing "whether a requested fee would result in a 'windfall.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). Those factors are: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency

By stipulation approved and ordered on September 2, 2021, this Court previously awarded Michele W.'s counsel $4,450.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Items 17, 18. Because the fees granted above exceed the EAJA fees, Michele W.'s counsel must refund the EAJA fees to her.[7] *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55. Here, consideration of those factors leads this Court to conclude that the fee request of $15,113.00 will not result in a windfall.

This Court recognizes that the fee here constitutes an hourly rate of over $680—high by Western New York standards. But the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Fields*, 24 F.4th at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case.").

[7] Because SSA withheld less from the award than it should have, the amount refunded to Michele W. may need to be adjusted. The Court leaves that calculation to Michele W. and her attorney but is available to resolve any dispute.

## ORDER

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $15.113.00, Docket Item 19, is GRANTED; and it is further

ORDERED that Michele W.'s counsel shall refund $4,450.00 in EAJA fees, or any adjusted amount, to Michele W. within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated: October 7, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE